THE YAMATO TRADING COMPANY, RESPONDENT, *v.* WILLIAM P. BROWN, APPELLANT, IMPLEADED, ETC.

*Evidence — an examination of a party before trial will not be ordered for the purpose of requiring him to show that he has been guilty of obtaining property by false representations — Code of Civil Procedure, sec. 880.*

In an action brought to recover property alleged to have been wrongfully taken and detained, the defendant cannot be required to appear and be examined as a witness before the trial, when it appears that the entire object of the examination is to show by his own testimony, and from his books and papers, that he procured the property from the plaintiff by means of false and fraudulent representations concerning his circumstances and ability to pay therefor.

APPEAL from an order denying a motion made to vacate an order requiring the defendant Brown to appear and be examined as a witness in this action before trial.

*Arthur R. Robertson,* for the appellant.

*Taylor & Parker,* for the respondent.

DANIELS, J.:

The action has been brought to recover a quantity of raw silk as the property of the plaintiff, and wrongfully taken and detained by the defendant.

The silk had in form been sold and delivered by the plaintiff to the defendant upon credit, and the action is prosecuted for the recovery of its possession, because of fraudulent representations alleged to have been made by the defendant concerning his circumstances and his ability to pay for it. Proofs of these facts appear to be necessary in order to avoid the credit, and in that manner to entitle the plaintiff to recover the property. And it is for the purpose of obtaining that proof that the order has been made for the examination of the defendant. In the affidavit it is stated that the plaintiff intends to show by Brown on his examination that he was insolvent at the time when he obtained the silk, and in that manner to render it evident that his representations and statements as to his financial standing and solvency were not only untrue, but were known to be so by him. That the plaintiff has no other means known to it whereby it can show the true financial condition and the assets and liabilities of Brown at the time when he purchased the goods. That the examination of Brown as to such facts, and to show his insolvency, was actually necessary for the benefit of the plaintiff on the trial of this action ; and it was further proposed to show by him and his books and papers that his liabilities exceeded his assets, and he had been in that condition for a long time prior to obtaining possession of the goods, and that he stated and represented himself to be worth many thousand dollars, for the purpose of inducing, and thereby did induce, plaintiff to deliver the goods to him.

If these were the facts, by means of which the defendant obtained possession of the goods, then he was guilty of procuring them by false pretenses, for which he was liable to be indicted, convicted and punished. And that liability still exists. For the sale was made on or about the 28th of April, 1881. The entire object of the examination, as it has been made to appear, is to show by Brown and his books and papers, which are expected to be produced, that he procured this property from the plaintiff by means of false and fraudulent representations concerning his circum-

stances; and it therefore becomes important to determine whether he can be subjected to an examination as a witness to prove these facts. It has been provided that the examination of a party under an order is subject to the same rules as if he was examined upon the trial. (Code of Civil Pro., § 880.) And if he should be examined upon the trial, he could not be required to give an answer which would tend to accuse himself of a crime, or misdemeanor, or to expose him to a penalty or forfeiture. (Id., 837.) This was also the rule as it existed before the adoption of the Code. For a witness was not required to give any answer which would have a tendency to accuse himself of any crime or misdemeanor, or to expose him to any penalty or forfeiture, or when, by answering, a link may be added to a chain of testimony tending to such result. (*Henry* v. *Salina Bank*, 1 Com., 83, 86, 89.)

This subject was considered in *Phœnix* v. *Dupuy* (2 Abb. N. C., 146, 158, 159); and it was there held that the examination of a party could not be taken under these provisions of the Code when it would tend to establish the fact that he had been guilty of a crime or misdemeanor. And the same conclusion is adopted in *Burbank* v. *Reed*, by the General Term of the Second Department. (11 Weekly Digest, 576.)

Under these provisions of the Code, sustained and applied as they have been by the courts, the order which was made in this case for the examination of the defendant was unauthorized. It must, therefore, be reversed and an order entered vacating the order requiring the defendant to appear and be examined, with ten dollars costs, besides disbursements to the appellant of this appeal.

BRADY, P. J., concurred.

Present — BRADY, P. J., and DANIELS, J.

So ordered.